90 N.J. Super. 86 (1966)
216 A.2d 256
MABEL SZUMSKI, PETITIONER-RESPONDENT,
v.
DALE BOAT YARDS, INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 3, 1966.
Decided January 6, 1966.
*88 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Edward B. Meredith argued the cause for appellant (Messrs. Meredith & Meredith, attorneys).
Mr. Herman M. Wilson argued the cause for respondent.
PER CURIAM.
Petitioner filed a dependency claim seeking compensation for herself and her children for the death of Anthony J. Szumski, husband and father. Respondent company's motion to have the petition dismissed because the Division was without jurisdiction was denied. The matter proceeded to hearing and resulted in an award. On appeal, the County Court held that the Division had jurisdiction and affirmed the award.
The judgment must be reversed. The original stipulations of the parties, together with the testimony later adduced before the Division, established that the work which allegedly caused decedent's death, and the death itself, took place in the Atlantic Ocean, "on the high seas," at a point opposite Long Branch, N.J. Decedent was at the time, and at respondent employer's direction, taking a 25-foot cabin cruiser from Atlantic Highlands around Sandy Hook to a boat yard at Point Pleasant, a trip of some 35-40 miles.
The federal judicial power extends "to all Cases * * * of admiralty and maritime Jurisdiction." U.S. Const., Art. III, Sec. II. Congress has adopted two acts dealing with employee injuries in cases coming within that particular jurisdiction. The first is the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950. Section 3(a) of the act, 33 U.S.C. § 903(a), reads:
"(a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law. No compensation shall be payable in respect of the disability or death of 
*89 (1) A master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net; or
(2) An officer or employee of the United States or any agency thereof or of any State or foreign government, or of any political subdivision thereof."
Decedent came within neither of these exceptions.
The second federal statute is the Jones Act, 46 U.S.C. § 688, which basically is designed to include employees excepted under the first statute and invokes the separate remedy of the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60. In its applicable part the Jones Act provides for recovery by the personal representative "in case of the death of any seaman" as a result of injuries suffered in the course of his employment. Decedent was not a seaman, and so the Jones Act was not available to his personal representative. The Longshoremen's and Harbor Workers' Compensation Act was. Calbeck v. Travelers Ins. Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962), discusses the history and purpose of that act and its reach, particularly with reference to matters allegedly of "local concern." Cf. Gaddies v. Trenton Marine Terminals, Inc., 86 N.J. Super. 125 (App. Div. 1965).
The present case is not one within the "twilight zone" doctrine formulated in Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246 (1943). Whatever happened here happened on the high seas, and not at or near a dock, wharf or land establishment.
The question of jurisdiction to one side, and with full appreciation of what was said about the scope of appellate review in non-jury cases in Close v. Kordulak Bros., 44 N.J. 589, 598-599 (1965), and particularly in State v. Johnson, 42 N.J. 146, 162 (1964), our careful review of the record convinces us that petitioner failed to establish her case by a preponderance of the probabilities. This is especially so with regard to the medical proofs she sought to introduce through her sole expert, Dr. Goldberg. Petitioner did not carry her burden of proof that decedent's death was causally *90 related to his employment, by carbon monoxide poisoning, sunstroke, or myocardial infarction. Dr. Goldberg merely asserted a causal relation without undertaking to support his opinion with persuasive medical reasons. The mere assertion by a medical witness of reasonably probable contributory work connection cannot in itself justify an award. "The facts of the situation under examination in their totality must demonstrate causality by the greater weight of the credible evidence. In this area the reasons for the assertion are more important than the assertion itself." Dwyer v. Ford Motor Co., 36 N.J. 487, 494-495 (1962).
Reversed.